

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STANLEY SOLVEY,<br><br>    Plaintiff,<br><br>    v.<br><br>F.B. HAWS, et al.,<br><br>    Defendants. | Case No. CV 09-2169-DOC (MLG)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |

    On April 1, 2009, Plaintiff Stanley Solvey, then a prisoner at the Salinas Valley State Prison in Soledad, California, filed this complaint pursuant to 42 U.S.C. § 1983, asserting constitutional violations arising from an alleged denial of his access to the courts while he was incarcerated at the California State Prison-Los Angeles County. On April 3, 2009, Magistrate Judge Marc L. Goldman screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismissed the complaint with leave to amend. Plaintiff was given 21 days in which to file an amended complaint. That Order was served on Plaintiff

1 | at the Salinas Valley State Prison, the address he provided on the
2 | complaint. On April 9, 2009, the Order was returned to the Court with
3 | the notation that Plaintiff was no longer an inmate at the
4 | institution. A review of available prison data bases has failed to
5 | locate Plaintiff. Plaintiff has not informed the court of any change
6 | of address and has made no contact with the court since filing the
7 | complaint on April 1, 2009.

8 |     This action must be dismissed for failure to prosecute. The
9 | Court has the inherent power to achieve the orderly and expeditious
10 | disposition of cases by dismissing actions for failure to prosecute.
11 | *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Ferdik v. Bonzelet*,
12 | 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court is required to
13 | weigh the following factors in determining whether to dismiss a case
14 | for lack of prosecution: "(1) the public's interest in expeditious
15 | resolution of litigation; (2) the court's need to manage its docket;
16 | (3) the risk of prejudice to the defendants; (4) the public policy
17 | favoring disposition of cases on their merits; and (5) the
18 | availability of less drastic sanctions." *Ferdik*, 963 F.2d at 1260,
19 | 1261; *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing
20 | *Henderson*, 779 F.2d at 1423); *see also Pagtalunan v. Galaza*, 291 F.3d
21 | 639, 642 (9th Cir. 2002).

22 |     Here, the public's interest in the expeditious resolution of
23 | litigation and the court's interest in managing its docket weighs in
24 | favor of dismissal. Since Plaintiff cannot be located, dismissal
25 | without prejudice would not undermine the public policy favoring
26 | disposition of cases on the merits. In addition, there is no
27 | identifiable risk of prejudice to Defendants.
28 | //

1 | In addition, Plaintiff has failed to follow the mandate of L.R.
2 | 41-6. That rule provides that a *pro se* Plaintiff must keep the Court
3 | apprised of his current address and phone number. "If mail directed
4 | by the Clerk to a *pro se* plaintiff's address of record is returned
5 | undelivered by the Postal Service, and if, within fifteen days of the
6 | service date, such plaintiff fails to notify, in writing, the Court
7 | . . . of his current address, the Court may dismiss the action with
8 | or without prejudice." L.R. 41-6.
9 | Here, the April 3, 2009 order requiring Plaintiff to file an
10 | amended complaint was returned to the court on April 9, 2009. Twenty-
11 | five days have elapsed since service of the order and Plaintiff has
12 | not provided the Court with his current address. For this reason
13 | alone, dismissal is warranted.
14 | Balancing all of these factors, dismissal of this action with
15 | prejudice for failure to prosecute is warranted.
16 | IT IS SO ORDERED.
17 |
18 | Dated:     May 5, 2009
19 |
20 |
21 |                                        David O. Carter
22 |                                        United States District Judge
23 | Presented By:
24 |
25 | _____
26 | Marc L. Goldman
     United States Magistrate Judge
27 |
28 |